## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

### SMITH V. COMMONWEALTH.

#### JUNE 19th, 1894.

1. CRIMINAL PROCEEDINGS—*Witnesses—Competency.*—At trial of one of two jointly indicted but electing to be separately tried, the other accused and his wife are competent to testify against the one on trial. Code, § 3900.

2. APPELLATE PRACTICE—*Demurrer to evidence.*—This court will consider an assignment of error in the court below overruling motion for a new trial in the light of a demurrer to evidence, when not the facts but the evidence is certified.

Error to judgment of circuit court of Franklin county, rendered May 10, 1893, at the trial of an indictment of Peter Smith for murder of Milly Sloan, whereby the plaintiff in error was sentenced, in accordance with the verdict, to imprisonment for a term of eighteen years in the penitentiary. Opinion states the case.

*Dennis & Saunders,* for plaintiff in error.

*Attorney-General R. Taylor Scott,* for commonwealth.

FAUNTLEROY, J., delivered the opinion of the court.

The record presents the following case : A special grand jury for the county of Franklin, at the March term, 1893, of the county court of said county, found a joint indictment

against Peter Smith and Commodore Sloan for murder. When arraigned Peter Smith elected and demanded to be tried in the circuit court of Franklin county, and to that court the case was removed. It was called for trial in the said circuit court May 10, 1893, and the accused, Peter Smith and Commodore Sloan then elected to be tried separately. Smith pleaded " not guilty," upon which issue his trial proceeded, and the jury returned the following verdict: " We, the jury, find the prisoner, Peter Smith, not guilty of murder in the first degree, but guilty of murder in the second degree, as charged in the indictment, and fix the term of his confinement in the penitentiary at eighteen years." Upon this verdict the judgment of the court was entered according to the verdict. There are three bills of exceptions taken by the prisoner.

The first error assigned, is that, upon the trial of Peter Smith, the wife of Commodore Sloan, who was jointly indicted with Smith, but had elected to be tried separately, was allowed to testify as a witness for the commonwealth.

There was no error in this. She was a competent witness, and the jury could estimate the credibility and worth of her testimony.

The second error assigned is that Commodore Sloan, jointly indicted with Peter Smith for the felonious assault upon and murder of Milly Sloan, and against whom prosecution was then pending, was allowed to testify for the commonwealth upon the separate trial of Peter Smith.

This was not error. " No person who is *not jointly tried* with the defendant shall be incompetent to testify in any prosecution by reason of interest in the subject matter thereof." Section 3900, Code of Virginia, 1887.

*Accomplices* in the same crime are competent witnesses for the commonwealth. *Byrd* v. *Commonwealth*, 2 Va. Cases, 490; 2 Robinson's (old) Practice, 214.

The third and last error assigned is the overruling of the motion of the prisoner to set aside the verdict and to grant to

him a new trial, on the ground that the verdict is contrary to the law and the evidence. The *evidence* is certified, and not the *facts* proved; therefore, this assignment of error must be considered by this court as a demurrer to the commonwealth's evidence. The coroner's inquest, and the testimony of nine intelligent, respectable, unimpeached, and uncontradicted witnesses upon the trial, attest a wanton, unprovoked, cruel, and brutal murder of a helpless old woman; and the plaintiff in error, Peter Smith, has been found guilty of that murder, by a jury of his peers, at a trial conducted and presided over by an able, conscientious, careful, and learned circuit judge, who refused to set the verdict of the jury aside, and pronounced the judgment complained of; and this court, upon a careful review of the evidence and the whole trial in the circuit court, finds no error in the record, and affirms the judgment of the circuit court of Franklin county.

JUDGMENT AFFIRMED.